IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. CIV-11-250-RAW |
| JANTRAN, INC., | |
| Defendant. | |

# ORDER & OPINION

Plaintiff filed this action on July 21, 2011, alleging that while attempting to navigate a vessel through the Newt Graham Lock and Dam 18 (the "Lock"), Defendant lost control of the vessel, struck the upstream short wall and caused damage in violation of 33 U.S.C. § 408. Plaintiff seeks damages thereunder in an amount sufficient to demolish the damaged wall and rebuild it to original specifications. The action was transferred to the undersigned on March 8, 2013. Now before the court are Plaintiff's motion for partial summary judgment [Docket No. 47] and Defendant's motion for summary judgment [Docket No. 48].

Defendant argues that it is entitled to summary judgment because Plaintiff has no *in personam* remedy against Defendant. In its motion, Plaintiff argues that there is no genuine issue of material fact with regard to Defendant's liability for damage to the Lock and that the court should proceed only as to the proper amount of damages. Defendant's motion is hereby granted. Plaintiff's motion is denied.

**Undisputed Material Facts**

The Lock is owned and operated by the Army Corps of Engineers, is located on the

Verdigris River near Inola, Oklahoma, and is part of the McClellan-Kerr Navigation System. On August 19, 2008, Defendant's tug, the Miss Dixie, and her ten-barge tow were transiting down river approaching the Lock. The Miss Dixie lost power in her starboard engine, and her tow went into a slide. The Miss Dixie and her tow then came into contact with the Monolith L-7 of the Lock's upstream short guide wall. At the time of the incident, Defendant owned the Miss Dixie. Defendant no longer owns the Miss Dixie. Plaintiff did not cause the August 19, 2008 allision.

## **Defendant's Motion for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006).

Plaintiff brought this action pursuant to 33 U.S.C. § 408 of the River and Harbors Act (hereinafter "RHA"). Section 408 provides in pertinent part: "[i]t shall not be lawful for any person or persons to . . . injure, . . . or in any manner whatever impair the usefulness of any . . . sea wall, . . . or other work built by the United States . . . for the preservation and improvement of any of its navigable waters . . . ." Section 412 of the RHA prescribes an *in rem* remedy for damages under § 408 and other sections of the RHA. Section 412 provides in pertinent part: " any boat, vessel, scow, raft, or other craft used or employed in violating any of the provisions of sections 407, 408, 409, 414, and 415 of this title shall be liable . . . for the amount of damages

done by said boat . . . , and said boat . . . may be proceeded against summarily by way of libel in any district court of the United States having jurisdiction thereof."

The Supreme Court also has found an *in personam* remedy under § 409 of the RHA.[1] Wyandotte Transp. Co. v. United States, 389 U.S. 191 (1967). Plaintiff argues that for the same reasons, this court should find an *in personam* remedy under § 408 of the RHA. As to this issue, the circuits are not in agreement, and at this time, no Tenth Circuit ruling is on point. In 1977, the Sixth Circuit applied the Wyandotte ruling to an action involving what is now § 408. Hines, Inc. v. United States, 551 F.2d 717 (6th Cir. 1977). As other courts have recognized, however, there was little statutory analysis in Hines. See In re Barnacle Marine Mgmt., Inc., 233 F.3d 865, 870 (5th Cir. 2000); United States v. Tug Sundial, 861 F.Supp. 2d 1208, 1216 (D. Or. 2012).

This court is persuaded by the Fifth Circuit's reasoning in Barnacle. In Barnacle, the Fifth Circuit recognized that the plain language of § 408 and § 412 "does not give the United States a civil *in personam* remedy against a violator of § 408." Id. at 870. The Fifth Circuit also acknowledged that Wyandotte is not controlling "because the Wyandotte Court expressly relied on language peculiar to § 409 in implying an *in personam* remedy in favor of the United States against the vessel owner." Id. Specifically, while § 409 imposes a duty on the owner, lessee or operator of a sunken vessel to remove it, § 408 does not impose a similar duty on an owner of a vessel that caused damage to repair that damage. Id. Section 412 provides only an *in rem* remedy. Id. The Wyandotte ruling is not controlling because § 409 created an *in personam*

---

[1] Section 409 makes it unlawful "to tie up or anchor vessels or other craft in navigable channels in such a manner as to prevent or obstruct the passage of other vessels or craft; or to sink, or permit or cause to be sunk, vessels or other craft in navigable channels." Section 409 further places the duty on the owner, lessee or operator of a sunken vessel "to commence the immediate removal of the same, and prosecute such removal diligently."

3

remedy, while § 408 did not.  Id.

The Fifth Circuit also noted in Barnacle that "[t]he starting point in every case involving construction of a statute is the language itself."  Id. at 870 n. 9 (citations omitted).  "When that language is plain we must abide by it; we may depart from its meaning only to avoid a result 'so bizarre that Congress could not have intended it.'"[2]  Id. (citations omitted).  The Fifth Circuit further noted that its "decision is consistent with a number of recent Supreme Court decisions holding that we should be reluctant to imply a remedy broader than Congress expressly provided."  Id. at 870 (citations omitted).

**Conclusion**

Defendant's motion for summary judgment [Docket No. 48] is hereby GRANTED.  Because the court has found that Plaintiff has no *in personam* remedy, Plaintiff's motion for partial summary judgment [Docket No. 47] is DENIED as MOOT.

IT IS SO ORDERED this 9th day of July, 2013.

**Dated this 9th day of July, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] While the outcome here may seem unfair (a tug owner may escape any liability by selling the tug at issue), this result is not so bizarre as to cause a departure from the plain language of the statute.  A remedy remains, it simply is with the tug itself rather than the owner at the time of the incident.

4